At this term Samuel Turner was indicted in the Court of Oyer and Terminer for rape on Jane Norris, and upon her examination as a witness for the State,
The correct rule in regard to the matter, and which has been uniformly recognized in this State, and so far as we are informed in every other, except in New York and North Carolina, and some doubt which may have been suggested against the propriety of it perhaps, in a recent case in England, will be found stated in 3 Greenl. Ev. Sec. 214.
The witness was then asked the question whether she had not said in the course of her examination as a witness for the State on the trial of Alexander Robinson for a rape alleged to have been committed upon her at the same time this rape was alleged to have been also committed upon her by the prisoner, that she had never had sexual intercourse with any man, or with Alexander Robinson, previous to the time of the rape which, as she alleged, was committed by him upon her in company with Turner.
The witness answered that she had made such a statement when under oath and examination as a witness in that case, but what she had then said was not true, she added, however, that she had been informed before that trial that she was not bound to say anything about that matter upon that trial, but only to tell what had occurred on the night of the rape.
Rodney, in the next place, proposed to call Alexander Robinson who had been indicted, tried and convicted at the preceding term, for a rape committed at the same time in company with the prisoner upon the witness, and to examine him as a witness for the prisoner in the present case. *Page 78 
 Fisher, Attorney General, objected to his competency as a witness in the case. He was prepared to admit that the: late statute had removed the objection to his competency on the score of infamy consequent upon his conviction of the crime in the case referred to. But there was another and still subsisiting ground of objection to it, not removed or affected by the enabling statute to which he had referred, which was that he was an accomplice, or a particepscriminis with the prisoner in the commission of the crime for which he was now on trial.
The Court held the latter objection to be good and on that ground rejected the witness.
The case afterward went to the jury and the prisoner was convicted.
The Counsel for the prisoner afterward during the term and within the time prescribed by the rule, moved for a new trial, first on the ground that Jane Norris was the only witness that proved the commission of the alleged offense, and had since acknowledged that she had committed perjury on the previous trial of Robinson for a like crime alleged to have been committed upon her by him at the same time, and secondly, on the ground that the prisoner should have been allowed to produce Robinson as a competent witness in the case, and that he was improperly excluded from testifying by the Court, but which motion the Court after a hearing overruled. *Page 79